DEFENSE PROPOSED INSTRUCTION NO. 1

The defendant, Jaimey Kent Sapp, is charged in the indictment with Attempted Enticement of a Minor for Unlawful Sexual Activity by Means of the Internet.

In order for Mr. Sapp to be convicted of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Government must prove Mr. Sapp intended to commit the crime of Enticement of a Minor for Unlawful Sexual Activity by Means of the Internet (Enticement of a Minor).  To prove Mr. Sapp intended to commit the crime Enticement of a Minor, the government must prove the following:

a. Mr. Sapp intended to use a facility or means of interstate commerce, and on or about March 10, 2005 and July 12, 2005, in the District of Alaska, the Defendant used a facility or means of interstate commerce, specifically a computer or Internet device;

b. Mr. Sapp intended to knowingly engage in conduct, in which he intended to persuade or induce or entice a person, whom he believed was under 16 years of age, to engage in sexual activity that would have been a violation of Alaska law, and

    c. Mr. Sapp intended to engage in sexual activity in violation of Alaska state law.

Second, the government must prove Mr. Sapp did something that was a substantial step toward committing the crime, Enticement of a Minor for Unlawful Sexual Activity by Means of the Internet, with all of you agreeing as to what constituted the substantial step.  Mere preparation is not a substantial step.

Third, the government must prove that Mr. Sapp was not entrapped.

Attempted sexual activity is required to complete the crime.  There is no requirement the defendant actually engaged in sexual activity.

9th Cir. Crim. Jury Instr. 5.3
9th Cir. Crim Jury Instr. 8.161
9th Cir. Crim. Jury Instr. 6.2
18 U.S.C. 2422(b).
*United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000)(en banc).
*United States v. Meek*, 366 F.3d 705, 720 (9th Cir. 2004).

DEFENSE PROPOSED INSTRUCTION NO. 2

The Indictment refers to sexual activity for which the Defendant could be charged with a criminal offense and then it refers to Alaska State law. Alaska state law prohibits anyone 16 years or older from engaging in sexual contact and sexual penetration with person who is 13, 14, or 15 years of age, and at least three years younger than the offender.

"Sexual contact" means knowingly touching, directly or through clothing, the victim's genitals, anus, or female breast; or knowingly causing the victim to touch directly or through clothing, the Defendant's or victim's genitals, anus, or female breast.

"Sexual Penetration" means genital intercourse, cunnilingus, fellatio, and intercourse, or an intrusion, however slight, of an object or any part of a person's body into the genital or anal opening of another person's body; each party to any of the acts described in this subparagraph is considered to be engaged in sexual penetration.

AS 11.41.436.
AS 11.41.438.
AS 11.81.900(58).
AS 11.81.900(59).

DEFENSE PROPOSED INSTRUCTION NO. 3

Mr. Sapp is charged in the indictment with Attempted Transfer of Obscene Material to a Minor. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Sapp intended to commit the crime of Transfer of Obscene Material to Minor. To prove Mr. Sapp intended to commit the crime of Transfer of Obscene material to a Minor, the government must prove the defendant intended to knowingly transfer obscene matter, by means of the Internet, to another, who has not attained the age of 16, knowing that person has not attained the age of sixteen.

Second, that Mr. Sapp did something that was a substantial step toward committing the crime of Transfer of Obscene Material to a minor, with all of you agreeing as to what constituted a substantial step.

Mere preparation is not a substantial step toward the commission of the crime Transfer of Obscene Material to a Minor.

18 U.S.C. Sec. 1470.
9th Cir. Crim. Jury Instr. 5.3.
*United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000)(en banc).