DEBORAH M. SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone:(907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-064-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES' PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| JAIMEY KENT SAPP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW  Plaintiff United States of America, by and through

Timothy M. Burgess , United States Attorney for the District of Alaska, and hereby

requests that the Court instruct the jury in accordance with the following list of

jury instructions from the Manual of Model Criminal Jury Instructions for the

Ninth Circuit (2000 Edition), unless otherwise indicated, and from the separate

instructions attached hereto, as well as those, if any, to be submitted under separate

cover:

1.1     Duty of Jury

1.2     The Charge - Presumption of Innocence

1.3     What Is Evidence

1.4     What is Not Evidence

1.5     Evidence for Limited Purpose

1.6     Direct and Circumstantial Evidence

1.7     Ruling on Objections

1.8     Credibility of Witnesses

1.9     Conduct of the Jury

1.10    No Transcript Available to Jury

1.11    Taking Notes

1.12    Outline of Trial

2.1     Cautionary Instruction - First Recess

2.2     Bench Conferences and Recesses

2.3     Stipulated Testimony

2.4     Stipulations of Fact

2.5        Judicial Notice

2.10       Other Crimes, Wrongs or Acts Evidence

11.01      Beginning Charge - Province of the Court [Devitt

           and Blackmar (3rd Edition)]

3.1        Duties of Jury to Find Facts and Follow Law

3.2        Charge Against Defendant Not Evidence, Presumption of

           Innocence, Burden of Proof

3.3        Defendant's Decision Not to Testify

3.4        Defendant's Decision to Testify

3.5        Reasonable Doubt - Defined

3.6        What is Evidence

3.7        What is Not Evidence

3.8        Direct and Circumstantial Evidence

3.9        Credibility of Witnesses

3.10       Evidence of Other Acts of Defendants or Acts

           and Statements of Others

3.11       Activities Not Charged

4.1        Statements by Defendant

4.3        Other Crimes, Wrongs or Acts of Defendant

4.4          Character of Defendant

4.13         Government's Use of Undercover Agents and Informants

4.17         Opinion Evidence, Expert Witness

4.18         Summaries Not Received in Evidence

4.19         Charts and Summaries in Evidence

5.3          Attempt

5.6          Knowingly - Defined

7.1          Duty to Deliberate

7.2          Consideration of Evidence

7.3          Use of Notes

7.4          Jury Consideration of Punishment

7.5          Verdict Form

7.6          Communication with Court

13.05        "On or About" - Explained  (Devitt and Blackmar,

Federal Jury Practice and Instructions, (4th ed.)

The United States submits the following separate instructions attached hereto:

| Instruction | Description |
|---|---|
| A | Counts One and Three Charge: Attempted Child Enticement |
| B | Elements of Count One and Three, Child Enticement |
| C | Using any facility or means of interstate commerce defined |
| D | Knowingly defined |
| E | Persuade, induce, entice and coerce defined |
| F | Substantial step defined |
| G | Alaska state law |
| H | Government's use of undercover agents |
| I | Counts Two and Four Charge: Transfer of Obscene Material |
| J | Elements of Counts Two and Four, Transfer of Obscene Material |
| K | Proof of Obscenity |
| L | Application of Three-Part Test |
| M | Apply Community Standards |
| N | Definitions |
| O | The First Test |

P          The Second Test

Q          The Third Test

R          The Government's Burden


The United States respectfully requests the opportunity to supplement

the record with additional authority if issues arise that are not adequately addressed

herein.

RESPECTFULLY SUBMITTED this 23rd day of January, 2006, at

Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

 s/Audrey J. Renschen
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue,  Rm 253
Anchorage, Alaska  99513-7567
Phone:(907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

I  declare under penalty of perjury that a true and
correct copy of the foregoing was sent
electronically to Daniel Libby & Kevin
Fitzgerald, the attorney's of record in this case
on January 23, 2006.

 s/Audrey J. Renschen
Assistant U.S. Attorney

JURY INSTRUCTION A

Count One of the Indictment charges:

Between on or about March 10, 2005, and on or about July 12, 2005, in the District of Alaska, JAIMEY KENT SAPP, a 32 year old man, did use a facility and means of interstate commerce, the Internet, to attempt to knowingly persuade, induce, and entice an individual whom he believed was 14 years old, to engage in sexual activity for which a person can be criminally charged under Alaska state law. Alaska state law prohibits anyone 16 years or older from engaging in sexual contact and sexual penetration with a person who is 13, 14, or 15 years of age, and at least three years younger than the offender.

All of which is in violation of Title 18, United States Code, Section 2422(b).

Count Three of the Indictment charges:

Between on or about February 11, 2005, in the District of Alaska, JAIMEY KENT SAPP, a 32 year old man, did use a facility and means of interstate commerce, the Internet, to attempt to knowingly persuade, induce, and entice Jane Doe #1, an individual whom he believed was 14 years old, to engage in sexual activity for which a person can be criminally charged under Alaska state law. Alaska state law prohibits anyone 16 years or older from engaging in sexual contact and sexual penetration with a person who is 13, 14, or 15 years of age, and at least three years younger than the offender.

All of which is in violation of Title 18, United States Code, Section 2422(b).

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Vol. 1A § 13.01 (5th Ed. 2000)

JURY INSTRUCTION B

In order for the Defendant to be found guilty of Count One, the charge of using a facility of interstate commerce to persuade, induce or entice a minor to engage in an unlawful sexual act, the United States must prove each of the following elements beyond a reasonable doubt:

First:        Between on or about March 10, 2005, and on or about July 12, 2005, in the District of Alaska, the Defendant used a facility or means of interstate commerce; specifically a computer or Internet-access device,

Second:    the Defendant knowingly engaged in conduct in which he intentionally attempted to persuade or induce or entice a person whom the Defendant believed was under 16 years of age, to engage in any sexual activity that would have been a violation of Alaska state law, and

Third:       the Defendant did something which was a substantial step toward committing the crime of Attempted Enticement of a Minor Using the Internet, with all of you agreeing as to the substantial step.  Mere preparation is not a substantial step toward the commission of the crime.

The conduct that the federal statute criminalizes is the knowing attempt, using the Internet, to persuade, induce, or entice someone who the Defendant believes to be a minor, to engage in sexual activity.  There is no requirement that the defendant actually engaged in sexual activity, or tried to engage in sexual activity.

18 United States Code Section 2422(b)
9th Cir. Crim. Jury Instr. 5.3 (2003)(modified)
Adapted from 1 L. Sand, *et al*., <u>Modern Federal Jury Instructions</u>, 3-10 (2003);
<u>United States v. Meek</u>, 366 F.3d 705, 715 (9th Cir. 2004);
<u>United States v. Farner</u>, 251 F.3d 510, 513 (5th Cir. 2001);
<u>United States v. Root</u>, 296 F.3d 1222,1227(11th Cir. 2002).
<u>United States v. Dhingra</u>, 371 F.3d 557, 561 (9th Cir. 2004)

JURY INSTRUCTION C

The term "using any facility or means of interstate commerce" means

employing or utilizing any method of communication between one state and

another.  Telephone or internet correspondence is considered a facility or means of

interstate commerce, whether it used in the traditional way, or, whether it is used in

conjunction with a computer. As long as the electronic communications travel

between one state and another, there has been a use of a facility or means of

interstate commerce.  It is not necessary for the government to prove that the

Defendant knew that the communication traveled between on state and another.

O'Malley, Grenig, & Lee, <u>Federal Jury Practice and Instructions</u>, Vol. 2A, § 46.06
(5th Ed. 2000);
<u>United States v. Thomas</u>, 74 F.2d701, 714 (6th Cir. 1996);
<u>United States v. Han</u>, 230 F.3d 560, 561-563 (2d Cir. 2000);
<u>United States v. Root</u>, 296 F.3d 1222, 1224-1228 (11th Cir. 2002);
<u>United States v. Farner</u>, 251 F.3d 510, 512 (5th Cir. 2001);
<u>United States v. Johnson</u>, 221 F.3d 83, 86 (2d Cir. 2000);
<u>United States v. Lee</u>, 315 F. 3d 206 (3rd Cir. 2003).
<u>United States v. Dhingra</u>, 371 F.3d 557, 560-61 (9th Cir. 2004).
<u>United States v. Schnepper</u>, 302 F.Supp.2d 1170, 1176 (9th Cir. 2004).
<u>United States v. Lynch</u>, 207 F.Supp. 2d 1133, 1136 (D. Mont., 2002).

JURY INSTRUCTION D

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9th Cir. Crim. Jury Instr. 5.6 (2002)

U.S. v. Sapp                                                                                      3:05-cr-064-RRB

## JURY INSTRUCTION E

As used in these instructions, the terms persuade, induce, and entice have their common meanings.

The term "entice" means to attract by arousing hope or desire; to lure.

The term "induce" means to lead or move by influence or persuasion; to cause.

The term "persuade" means to cause someone to do something by means of argument, reasoning, or entreaty; to plead with.

To persuade, induce or entice means to engage in some act which tempts someone to do something, or makes an idea seem more appealing.

United States v. Dhingra, 371 F.3d 557, 561 (9th Cir. 2004);
American Heritage Dictionary, Houghton, Mifflin Company (1991);
Webster's Ninth New Collegate Dictionary, Mirriam-Webster, Inc. (1983).
United States v. Rashkovski, 301 F.3d 1133 (9th Cir. 2002)(construing definitions under 18 U.S.C. § 2422(a)).

## JURY INSTRUCTION F

The government must prove that the Defendant took a substantial step in his attempt to persuade, induce, or entice a minor to engage in illegal sexual activity. A substantial step is something beyond mere preparation. It is an act adapted to, approximating, and which in the ordinary and likely course of things will result in the commission of the crime.  A substantial step is an appreciable fragment of a crime and an action of such substantiality that, unless frustrated, the crime would have occurred.  The step must be strongly corroborative of the firmness of the Defendant's intent to violate the statute.

United States v. Meek, 366 F.3d 705, 715 (9th Cir. 2004);
United States v. DeSantiago-Flores, 107 F.3d 1472 (10th Cir. 1997) (overruled on other grounds);
United States v. Monhulland, 607 F.2d 1311 (10th Cir. 1979);
United States v. Bailey, 228 F.3d 637 (6th Cir. 2000).

## JURY INSTRUCTION G

The Indictment refers to sexual activity for which the Defendant could be charged with a criminal offense and then it refers to Alaska state law. Alaska state law prohibits anyone 16 years or older from engaging in sexual contact or sexual penetration with a person who is 13, 14, or 15 years of age, and at least three years younger than the offender.

"Sexual contact" means knowingly touching, directly or through clothing, the victim's genitals, anus, or female breast; or knowingly causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast.

"Sexual penetration" means genital intercourse, cunnilingus, fellatio, anal intercourse, or an intrusion, however slight, of an object or any part of a person's body into the genital or anal opening of another person's body; each party to any of the acts described in this subparagraph is considered to be engaged in sexual penetration.

I instruct you, as a matter of law, that in the State of Alaska, consideration of the victim's "consent" and the absence of "force" are irrelevant under the applicable laws.

**U.S. v. Sapp**                                                                                    **3:05-cr-064-RRB**

## JURY INSTRUCTION H

You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents may properly make use of false names and appearances and may properly assume the roles of juveniles in the investigation of crimes against children. The government may use a broad range of schemes and ploys to ferret out criminal activity.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.13 (2003 Edition)(modified)

**U.S. v. Sapp**                                                                                    **3:05-cr-064-RRB**

## JURY INSTRUCTION I

Count Two of the Indictment charges:

On or about March 23, 2005, in the District of Alaska, the defendant JAIMEY KENT SAPP, did knowingly use the Internet, a facility of interstate commerce, to intentionally attempt to transfer obscene matter, to another individual who had not attained the age of 16 years, knowing that such other individual had not attained the age of 16 years, by directing a girl he believed was 14 years old to a hyperlink he provided to his Yahoo profile page, "local_nawty_boy" which depicted an adult male  exposing his erect penis.

All of which is in violation of Title 18 U.S.C. §1470.

Count Four of the Indictment charges:

On or about February 11, 2005, in the District of Alaska, the defendant

JAIMEY KENT SAPP, did knowingly use the Internet, a facility of interstate

commerce, to transfer obscene matter to another individual, Jane Doe #1,  who had

not attained the age of 16 years, knowing that Jane Doe #1 had not attained the age

of 16 years.

All of which is in violation of Title 18 U.S.C. §1470.

## JURY INSTRUCTION J

Title 18, United States Code Section 1470, makes it a Federal crime for any person to illegally transfer obscene material to a minor, or attempt to do so.

The elements of transferring obscene material to a minor are:

First       That the defendant knowingly used the mail or any means or facility of interstate commerce to transfer obscene matter;

Second      That the defendant knew that he was transferring the matter to an individual less than 16 years-old;

Third       That the defendant knew at the time of the transfer the general nature of the contents of the matter;

Fourth      That the materials in question are obscene matter as hereafter defined.

If the jury determines that the government has proven each of these four elements beyond a reasonable doubt, then it must return a verdict of guilty to Count Four of the Indictment - Transfer of Obscene Material to a Minor.

The Defendant can be found guilty of attempting to commit transfer of obscene material to a minor only if all of the following facts are proven beyond a reasonable doubt:

First          That the Defendant intended to commit the offense of transfer of obscene material to a minor; and

Second     That the Defendant did an act constituting a substantial step towards the commission of that crime which strongly corroborates the Defendant's criminal intent.

The government must prove that the Defendant took a substantial step in his Attempt to Transfer Obscene Material to a Minor.  A substantial step is something beyond mere preparation. It is an act adapted to, approximating, and which in the ordinary and likely course of things will result in the commission of the crime.  A substantial step is an appreciable fragment of a crime and an action of such substantiality that, unless frustrated, the crime would have occurred.  The step must be strongly corroborative of the firmness of the Defendant's intent to violate the statute.

If the jury determines that the government has proven each of these two

elements beyond a reasonable doubt, then it must return a verdict of guilty to

Count Two of the Indictment- Attempted Transfer of Obscene Material to a Minor.


Authority:    Title 18, United States Code, Section 1470;

Ninth Circuit Criminal Jury Instructions(modified)

JURY INSTRUCTION K

Proof of Obscenity under 18 U.S.C. § 1470

An essential element the United States must prove is that the materials charged as being transferred are "obscene" materials.  In this regard, however, the United States does not have a burden to provide affirmative evidence of their obscenity, other than to place the materials themselves into evidence.  Once the materials are placed into evidence by the United States, they are considered the best evidence of what they represent and are sufficient in themselves for the determination of obscenity.  This determination of obscenity must be made by you, using the three-part test developed by the Supreme Court of the United States.

Authority:     Ginzburg v. United States, 383 U.S. 463, 465 (1966); Paris Adult Theatre I v. Slaton; 413 U.S. 49, 56 (1973); Kaplan v. California, 413 U.S. 115, 121-22 n.5 (1973); Miller v. California, 413 U.S. 15, 24-25 (1973); Ginsberg v. New York, 390 U.S. 629, 636-38 (1968); M.S. News Co. v. Casado, 721 F.2d 1281, 1284-85, 1296 (10th Cir. 1983).

JURY INSTRUCTION L

In determining whether the visual depiction is an obscene visual depiction, as charged in the Indictment, you are to apply the following three-part test.

Material is obscene when:

1) the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest; and

2) the average person, applying contemporary community standards, would find that the work depicts sexual conduct in a patently offensive way; and

3) a reasonable person would find that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

For a visual depiction to be found obscene, all three characteristics must be present.

Authority:    Miller v. California, 413 U.S. 15, 24 (1973); Smith v. United States, 431 U.S. 291, 301-02, 309 (1977); Pope v. Illinois, 481 U.S. 497, 500-01 (1987).

JURY INSTRUCTION M

In deciding whether the material depicted as a whole appeals to the prurient interest and whether the sexual conduct is portrayed in a patently offensive way you, the jury, must avoid subjective personal and private views in applying the local community standards.  Instead, you must evaluate what judgment would be made by a hypothetical average person applying the collective view of the local community as a whole.

Authority:    Pinkus v. United States, 436 U.S. 293, 300-01 (1978); Smith v. United States, 431 U.S. 291, 304 (1977).

## JURY INSTRUCTION N

In deciding the "prurient interest" and "patent offensiveness" tests, you are to decide what judgment would be made by this hypothetical average person in the application of contemporary community standards.

In deciding what conclusion would be reached by the average person applying contemporary community standards, you are entitled to draw on your own knowledge of the views and sense of the average adult person in the local community from which the jury was drawn.

Contemporary community standards are set by what is in fact accepted in the community as a whole. Contemporary community standards are the accepted standards of morality and decency and refer to the customary limits of candor in the representation of sexual matters.

The "local community" you should consider in deciding these questions is the region from which you have been drawn, encompassing the counties in which you, the jury, reside. You must decide how the average person would apply the contemporary adult community standards within this region in which you live.

Authority:
   Paragraph 1: <u>Smith v. United States</u>, 431 U.S. 291, 302.
   Paragraph 2: <u>Hamling v. United States</u>, 418 U.S. 87, 104 (1974).
   Paragraph 3: <u>Pinkus v. United States</u>, 436 U.S. 293, 300 (1978); <u>Smith v. United States</u>, 431 U.S. 291, 297-98, 304 (1977); <u>United States v. Cohen</u>, 583 F.2d 1030, 1043(8th Cir. 1978).
   Paragraph 4: <u>Hamling v. United States</u>, 418 U.S. 87, 105-06 (1974).

JURY INSTRUCTION O

The first of the three tests you must apply to determine whether material is obscene, is whether the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest.  Obscene material appeals to the prurient interest when it is directed or makes its appeal to an unhealthy or abnormally lustful or erotic interest, or to a lascivious or degrading interest, or to a shameful or morbid interest in nudity, sex or excretion.

Prurient appeal is a reference to qualities of the material itself, and the type of interest to which it is directed.  There is no requirement that the material would necessarily be found to sexually arouse the average person, or the triers of fact, or anyone else.

Authority:    Roth v. United States, 354 U.S. 476, 487 n.20 (1957); Ginzburg v. United States, 383 U.S. 463, 466-68 (1966); Mishkin v. New York, 383 U.S. 502, 508 (1966).

# JURY INSTRUCTION P

The second test to be applied, in determining whether material is obscene, is whether it depicts the sexually explicit conduct in a patently offensive way. The focus is not on whether the matter depicts offensive sex acts, per se, but on whether the sex acts are depicted in a patently offensive manner.

The material as a whole or the circumstances of distribution are not considered as to whether they are patently offensive. The question is whether the average person, applying contemporary community standards, would find that the sexual conduct depicted in the material is portrayed in a patently offensive way. Patent offensiveness means substantially beyond the customary limits of candor in describing or representing sexual matters. It means a deviation from society's standards of decency because it affronts contemporary community standards relating to the description or representation of sexual matters or, said another way, because it fails to conform to accepted standards of morality.

Authority:
> Paragraph 1: Miller v. California, 413 U.S. 15, 24-25 (1973); Ward v. Illinois, 431 U.S. 767, 771-73 (1977).
> Paragraph 2: Jacobellis v. Ohio, 378 U.S. 184, 191-92 (1964); F.C.C. v. Pacifica Foundation, 438 U.S. 726, 740 (1978); Smith v. United States, 431 U.S. 291, 297-98 (1977); Miller v. California, 413 U.S. at 32.

JURY INSTRUCTION Q

The third test which must be applied in determining whether material is obscene, is whether a "reasonable person" would find that the material, taken as a whole, lacks serious literary, artistic, political or scientific value.

You may draw from your own common sense and experience in making the determination of whether a "reasonable person" would find that this material lacks such value.

The proper inquiry is not whether an ordinary member of any given community would find serious literary, artistic, political, or scientific value in allegedly obscene material, but whether a reasonable person would find such value in the material, taken as a whole.

Authority:
      Paragraph 1: Miller v. California, 413 U.S. 15, 24 (1973); Pope v. Illinois, 481 U.S. 497, 501 (1987).
      Paragraph 2: Hamling v. United States, 418 U.S. 87, 104 (1974); Pinkus v. United States, 436 U.S. 293, 300 (1978); Pope v. Illinois, 481 U.S. at 501 n.3.
      Paragraph 3: Pope v. Illinois, 481 U.S. at 500-01.

JURY INSTRUCTION R

Obscene Matter: General nature of the materials

One of the specific facts that the Government must prove is that the Defendant knew the general nature of the contents of the articles that were transported in interstate commerce. The Government does not have to prove that the Defendant knew that such articles were in fact legally obscene, only that the Defendant knew what they were.

Therefore, if you find beyond a reasonable doubt that the Defendant transported in interstate commerce the articles in question, and that the Defendant knew the general nature of the articles--that the Defendant knew what they actually were--and if you then find beyond a reasonable doubt that the articles were in fact "obscene" within the meaning of these instructions, you may then find that the Defendant had the requisite knowledge, or scienter as we call it in the law.

Authority:  Fifth Circuit Criminal Jury Instructions, 2001, § 2.64.