DEBORAH M. SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:05-cr-064-RRB |
| ) | |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT** |
| vs. ) | |
| ) | |
| JAIMEY KENT SAPP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

I.   **Introduction**

   A.   *Summary*

This brief introduction sets forth a summary of the terms of the plea

agreement between the defendant and the United States. This summary is not

intended to supercede the language that follows this subsection. It merely sets forth a summary for the benefit of the court.

The defendant agrees to plead guilty to Counts 2 and 4, of the Second Superceding Indictment filed in this case, Attempted Transfer of Obscene Material to a Minor and Transfer of Obscene Material to a Minor, both violations of 18 U.S.C. §1470. In exchange for the defendant's pleas to those charges, the United States agrees to dismiss Counts 1 and 3, and to recommend an adjustment for acceptance of responsibility. Sentencing will be "open" with both sides free to argue departures and adjustments.

B. This document contains the complete plea agreement between the United States and the defendant, JAIMEY KENT SAPP. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

C. The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). This means that the defendant may only withdraw from this agreement if the court denies the government's post-imposition-of-sentence motion to dismiss the remaining charges in the Indictment. The defendant **may not withdraw** from

this agreement if the Court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant, the court nor the government is bound by the government's sentencing estimates.

D. Because this case arises out of conduct occurring after November 1, 1987, the Court will be guided by application of the United States Sentencing Commission Guidelines (U.S.S.G.). However, the sentence calculated by application of the U.S.S.G. is not mandatory.

E. Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II. **What the defendant agrees to do**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures

will be admissible and the government's burden is by a preponderance of the evidence.

A. *Charges*

The defendant is currently charged with four crimes: two counts of using the Internet to attempt to knowingly persuade, induce, and entice an individual whom he believed was 14 years old, to engage in an unlawful sexual act, in violation of 18 U.S.C. § 2422(b), one count of using the Internet to attempt to knowingly transfer obscene material to a minor, whom he believed to be 14 years old, in violation of 18 U.S.C. §1470, and one count of using the Internet to knowingly transfer obscene material to a minor, whom he believed to be 14 years old, in violation of 18 U.S.C. §1470. Pursuant to this written agreement, the defendant agrees to plead guilty to Counts 2 and 4, of the Second Superceding Indictment filed in this case, Attempted Transfer of Obscene Material to a Minor and Transfer of Obscene Material to a Minor, both violations of 18 U.S.C. §1470.

B. *No Limits on Departures*

The defendant is free to seek any downward departures under the U.S.S.G. or any other authority. The defendant is also free to argue for the application of any downward guideline adjustments to the court's sentence calculation.

C. *Waivers of appellate and collateral attack rights*

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than the maximum statutory penalties available for the offense of conviction, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence imposed – including any forfeiture or conditions of supervised release.

Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence --including forfeiture and supervised release conditions. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by him by the time the court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason,

the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

D.   *Consequences of the defendant's guilty plea*

The defendant understands the special assessments owed in this case ($200) will be due on the day the court imposes sentence. The defendant understands that he will lose his right to own or possess any firearms, his right to vote, and his right to sit on a jury.

III.   **What the government agrees to do**

A.   In exchange for the defendant's plea of guilty to Counts 2 and 4 of the Second Superceding Indictment in this case, the United States agrees to dismiss Counts 1 and 3 of the Second Superceding Indictment in this case, and to not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

B.  If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a three level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

C.  The United States will seek upward sentencing departures under the U.S.S.G. §§5K2.0(a)(3) and 5K2.21, or any other authority. The United States is also free to argue for the application of any upward guideline adjustments to the court's sentence calculation. The Government will advocate at sentencing for a Guidelines sentence within the range listed on page 10 for Attempted Enticement.

IV.  **Advisement of maximum penalties and conditions of sentence**

A.  The maximum statutory penalties for Counts 2 and 4, Attempted Transfer of Obscene Material to a Minor, and Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. §1470, are each: (1) 10 years imprisonment; (2) $250,000 fine; (3) $100 mandatory special assessment; and 4) 3 years supervised release.

B.  Pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.  Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

D.  Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.  All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V.  **Guideline applications and sentencing issues**

The parties acknowledge that pursuant to §1B1.11(b)(3) of the United States Sentencing Guidelines, the 2004 [or 2005 KF 1/26/05] edition of the Guidelines manual applies.

The parties agree that the Sentencing Guidelines are advisory. The calculations below are the government's estimates of applicable sentencing ranges:

## GROUP 1:

**Count 2**

    BASE OFFENSE LEVEL PER §2G3.1 .................. 10

    DISTRIBUTION TO MINOR INTENDED TO PERSUADE,
    INDUCE, OR ENTICE A MINOR TO ENGAGE IN
    PROHIBITED SEXUAL CONDUCT .................... +7

    USE OF COMPUTER ................................ +2

    SUBTOTAL ........................................ 19

## GROUP 2:

**Count 4**

    BASE OFFENSE LEVEL PER §2G3.1 .................. 10

    DISTRIBUTION TO MINOR INTENDED TO PERSUADE,
    INDUCE, OR ENTICE A MINOR TO ENGAGE IN
    PROHIBITED SEXUAL CONDUCT .................... +7

    USE OF COMPUTER ................................ +2

    SUBTOTAL ........................................ 19

**MULTIPLE COUNT ADJUSTMENT (U.S.S.G. 3D1.4):**     UNITS

    GROUP 1 ADJUSTED OFFENSE LEVEL ..... 19        1
    GROUP 2 ADJUSTED OFFENSE LEVEL ..... 19        1


    GREATEST OF ABOVE ADJUSTED OFFENSE LEVELS ....... 19
    INCREASE IN OFFENSE LEVEL ........................ +2
**COMBINED ADJUSTED OFFENSE LEVEL ........................ 21**

  ACCEPTANCE OF RESPONSIBILITY .................. -3
  NON BINDING ESTIMATED TOTAL .................. 18

  NON-BINDING ESTIMATED CRIMINAL HISTORY ...... I

  SENTENCING RANGE ..................... 27-33 months

### *ESTIMATED RANGE ON PROPOSED UPWARD DEPARTURE BASED ON ATTEMPTED ENTICEMENT RELEVANT CONDUCT*

  *BASE OFFENSE LEVEL PER §2G1.3 .................... 24*

  *USE OF INTERNET TO ENTICE ........................ +2*

  *SUBTOTAL ......................................... 26*

  *ACCEPTANCE OF RESPONSIBILITY .................... -3*

  *NON BINDING ESTIMATED TOTAL .................... 23*

  *NON-BINDING ESTIMATED CRIMINAL HISTORY ........ I*

  *SENTENCING RANGE ...................... 46-57 months*

A. The defendant understands the court may find that the base offense level may be subject to an adjustment pursuant to Parts A, B, C, and D of Chapter Three of the United States Sentencing Commission Guidelines. These adjustments may make the final offense level higher than or lower than the offense level estimated by the United States.

The defendant understands the court may grant up to a three-level downward adjustment for acceptance of responsibility if the defendant meets the criteria set forth in U.S.S.G. § 3E1.1. The applicability of all adjustments to the base offense level will be set forth in the presentence report and the parties are free to argue the applicability of any and all adjustments. As stated in Part I. C. above, the defendant agrees that neither the defendant, the court, nor the government is bound by the government's estimations or conclusions of the defendant's guideline sentence range contained in this agreement.

B.  The parties have no agreement on the defendant's criminal history category. The government estimates that it will be Category I. The defendant understands that the court may find the defendant's criminal history to be higher than the United States has estimated. The defendant may argue about the appropriate criminal history calculation or classification. The United States is free to oppose any such argument or motion.

C.  The parties agree that both the United States and the defendant are free to seek any upward or downward sentencing departures. The United States and the defendant are also free to argue any guideline adjustments.

D.  The defendant fully understands that the court has total discretion to determine the ultimate sentence, and that the defendant will not be permitted to

withdraw his plea or appeal his sentence if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

VI. **Elements of the offense**

    A.    In order to sustain convictions for Attempted Transfer of Obscene Material to a Minor, and Transfer of Obscene Material to a Minor in violation of 18 U.S.C. § 1470, as charged in Counts 2 and 4 of this case, the United States would have to prove beyond a reasonable doubt the following elements:

        1.    that the defendant intended to commit the offense of transfer of obscene material to a minor; and

        2.    that the defendant did an act constituting a substantial step towards the commission of that crime which strongly corroborates the defendant's criminal intent.

In order to prove a *completed* Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470, the Government must prove:

        1.    that the defendant knowingly used a facility of interstate commerce, a computer using the Internet, via Yahoo Chat Room, or Yahoo Messenger to transfer obscene matter;

        2.    that the defendant knew that he was transferring obscene matter to an individual less than 16 years old;

        3.    that the materials in question are obscene matter; and

      4.      that the defendant knew at the time of the transfer the general nature of the contents of the matter.

Material is obscene when:

1. the average person, applying contemporary adult community standards, would find that the work, taken as a whole, appeals to the prurient interest; and
2. the average person, applying contemporary adult community standards, would find that the work depicts or describes sexual conduct in a patently offensive way; and
3. a reasonable person would find that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

## VII. Factual Basis for the Plea

The government and the defendant stipulate that the following facts are true and correct, and would be proven at a trial by the United States:

Instant Messaging (IM) communications are one-on-one private dialogues done in real-time and are virtually instant, with at most a momentary delay. IM facilitates an ongoing conversation, or message exchange, that works more fluidly than sending disparate e-mails back and forth. These Internet communications using Yahoo messenger and chatrooms, are routed through a server outside Alaska, typically through Sunnyvale, California. The computer communications which Sapp initiated in Alaska, conversing online with others in Alaska, actually traveled electronically across state lines, from Alaska to a Yahoo server outside the state, and then back to Alaska.

On March 23, 2005, Jaimey Kent Sapp, a 32 year old man, used the Instant Messenger service Yahoo Messenger, and the screen name "local_nawty_boy", to contact "hot_jackie_14_in_alaska", a person he believed was a fourteen year old Anchorage girl. During their online chat, Sapp transferred a picture to "hot_jackie_14_in_alaska", of an adult male exposing his erect penis – which picture appears to be the defendant, and which picture was found on a thumb drive in Sapp's pocket on July 12, 2005.

On February 11, 2005, using the screen name "barebackcountryboy" and the Instant Messenger service Yahoo Messenger, Sapp contacted another fourteen year old Anchorage girl, Jane Doe #1, and during their online chat, Sapp transferred a picture to her of an adult male exposing his erect penis – which picture appears to be the defendant, and which picture was found on a thumb drive in Sapp's pocket on July 12, 2005.

VIII. **Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D)(7) and (8), this plea agreement is appropriate in that the remaining charges adequately reflect the seriousness of the actual offense behavior. The sentence to be imposed under the terms of this plea agreement will not undermine the statutory purposes of sentencing, but will serve to adequately protect the public and reaffirm societal norms, provide for

deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

IX. **Defendant's agreement and understanding of the terms of this plea agreement**

I, JAIMEY KENT SAPP, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A. I wish to enter a plea of guilty to Counts 2 and 4, of the Second Superceding Indictment filed in this case, which charges me with Attempted Transfer of Obscene Material to a Minor, and Transfer of Obscene Material to a Minor, both violations of 18 U.S.C. §1470.

B. My attorney has explained the charge(s) to which I am pleading guilty and the necessary elements, and the consequences of my plea.

C. I am admitting that the allegations against me in Counts 2 and 4, of the Second Superceding Indictment and the factual bases for my pleas are true.

D. I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

- -- The right to a speedy and public trial by a jury on the issues of my guilt and the forfeitability of my interest in the Forfeiture Assets;

- -- The right to object to the composition of the grand or petit jury;

- -- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

- -- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

- -- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

- -- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

- -- The right to contest the validity of any searches conducted on my property or person.

E.   I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal

my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence -- which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges in the Indictment. My attorney has explained the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also fully discussed the agreed upon sentence.

F.   I further understand that if I plead guilty, there will not be a trial and that the court will ask me under an oath to answer questions about this offense. I

H. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I understand that the discussions between my attorney and me concerning my ~~sentence will bind the court. I understand that the court has the ultimate~~ discretion to decide whether to accept this agreement. I understand that if the court follows the agreed upon sentence, I cannot withdraw my guilty pleas, and I further understand I cannot appeal my sentence.

I. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission.

J. This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the

United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.   I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I understand that I will lose my right to own or possess any firearms, my right to vote, and my right to sit on a jury. I enter into this agreement knowingly and voluntarily. I therefore wish to enter pleas of guilty to Enticement of a Minor Using the Internet, Attempted Enticement of a Minor Using the Internet, and Criminal Forfeiture.

DATED: /-27-06

JAIMEY KENT SAPP
Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering pleas of

guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 1/26/06

_____
KEVIN FITZGERALD, Attorney for
JAIMEY KENT SAPP

On behalf of the United States, the following accept JAIMEY KENT SAPP's offer to plead guilty under the terms of this plea agreement.

DATED: 1/26/06

_____
AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

DATED: 1/26/06

_____
DEBORAH M. SMITH
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: deb.smith@usdoj.gov