Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 W. 3rd Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751 Fax
email: kevin@impc-law.com

Daniel E. Libbey, Esquire
ABA No. 0012105
Libbey Law Offices, LLC
604 West Second Avenue
Anchorage, Alaska 99501
(907) 258-1815
(907) 258-1822 Fax
email: dlibbey@alaska.net

Attorneys for Defendant
Jaimey K. Sapp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | No. 3:05-cr-0064-RRB |
| Plaintiff,     ) | |
| ) | **DEFENDANT JAIMEY SAPP'S** |
| ) | **SUPPLEMENTAL SENTENCING** |
| vs.     ) | **MEMORANDUM** |
| ) | |
| JAIMEY KENT SAPP,     ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

**I. INTRODUCTION**

 The Defendant, Jaimey Kent Sapp, by and through counsel,

hereby files his supplemental sentencing memorandum in

Defendant's Supplemental Sentencing Memorandum
United States v. Sapp
Case No. 3:05-cr-0064-RRB
 Page 1 of  10

PDF created with pdfFactory trial version www.pdffactory.com

response to the Government's request for an upward sentencing departure.  Under prevailing statutory authority, and the Sentencing guidelines, the Government has no authority to seek an upward departure in this case.  Moreover, the Government misrepresents in its sentencing memorandum that Mr. Sapp was "hunting other young girls, on at least ten other occasions."  Government's Sentencing Memorandum at Pp. 8-9.  The Government has not verified that the communications referenced at pages 8-9 of its memorandum, and in its Exhibit 1, pages 1-10, were in fact communications with minors, and misrepresents that it has verified such information.  Furthermore, under prevailing law, the Court must be satisfied beyond a reasonable doubt to apply a specific offense characteristic or upward departure in this case.

**I. AN UPWARD DEPARTURE IS NOT AUTHORIZED BY STATUTE BECAUSE THE BASIS FOR THE DEPARTURE WAS ADEQUATELY CONSIDERED BY THE SENTENCING COMMISSION**

The upward departure sought by the Government is not authorized by the applicable statute because the basis for the departure was adequately considered by the Sentencing Commission.  The statutory provision that would authorize an upward departure in Mr. Sapp's case is 18 U.S.C. § 3553(b)(2)(i).  Section 3553(b)(2)(i) only authorizes a

PDF created with pdfFactory trial version www.pdffactory.com

departure if an aggravating factor exists, of a nature or to a degree, that was not adequately considered by the Sentencing Commission.[1] The Government seeks a departure under U.S.S.G. §§ 5K2.0(a)(3) and 5K2.21 based on child enticement. *See* Government's Sentencing Memorandum at Pp. 2-3. The Sentencing Commission adequately considered child enticement in the obscenity guideline, U.S.S.G.§ 2G1.3, both in nature and degree. Indeed, under the guideline, the Base Offense Level is increased by 7 levels if there was "[d]istribution to a minor that was intended to . . . entice . . . the minor to engage in prohibited sexual conduct." Hence, the Sentencing Commission plainly considered child enticement, and the degree

---

[1] Section 3553(b)(2)(i) states in relevant part as follows:

> (A) Sentencing.–In sentencing a defendant convicted of an offense . . . under chapter 71 . . . . the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless–
>     (i) the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described.

Mr. Sapp's offenses fall under chapter 71. He was convicted of two counts under 18 U.S.C. § 1470.

Defendant's Supplemental Sentencing Memorandum
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

of enticement[2], in formulating the obscenity guideline. As a result, there is no authority for the government to pursue an upward departure under either § 5K2.0(a)(3) or § 5K2.21.

## II. THE APPLICABLE GUIDELINE DOES NOT AUTHORIZE THE UPWARD DEPARTURE FOR CHILD ENTICEMENT REQUESTED BY THE GOVERNMENT

The sentencing guideline applicable to Mr. Sapp's case does not authorize the upward departure sought by the Government. The Government is seeking an upward departure pursuant to U.S.S.G. § 2G1.3, which is the guideline applicable in child enticement cases. The guideline applicable to this case, as identified in the Plea Agreement and the Presentence Report ("PSR"), is U.S.S.G. § 2G3.1, the obscenity guideline. See Plea Agreement at P. 9; PSR at P.

---

[2]

The Presentence Report ("PSR") also recognizes that the Commission clearly considered the appropriate degree of enticement in formulating the obscenity guideline, stating in pertinent part as follows:

> [A]n evidentiary hearing is advisable at this juncture in order to make a determination on the application of this specific offense characteristic that, as a seven level increase, is substantial in relation to the defendant's advisory guideline calculation.

Addendum to PSR at P. 3. Moreover, nowhere does the Presentence Report recommend that the Court use the enticement guideline, § 2G1.3, to calculate Mr. Sapp's Offense Level.

PDF created with pdfFactory trial version www.pdffactory.com

15; Addendum to PSR at P. 4. The obscenity guideline does not authorize a departure under § 2G1.3, as the Government maintains. The only authority for an upward departure under the obscenity guideline is through cases that involve child pornography.[3] Mr. Sapp's case did not involve child pornography. As a result, the Government seeks a cross reference for child enticement that does not apply, and is not authorized, by the obscenity guideline.

### III. THE GOVERNMENT MISREPRESENTS THAT MR. SAPP HAD COMMUNICATIONS WITH AT LEAST TEN OTHER MINORS

---

[3]The relevant obscenity provision, states as follows:

> (c) Cross Reference
>
> (1) **If the offense involved transporting, distributing, receiving, possessing, or advertising to receive material involving the sexual exploitation of a minor, apply §2G2.2** (Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic) **or §2G2.4** (Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct), as appropriate.

U.S.S.G. § 2G1.3(c)(1) (emphasis added).

Defendant's Supplemental Sentencing Memorandum
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

In its sentencing memorandum and accompanying exhibit, the Government misrepresents that Mr. Sapp had internet communications with at least ten other minors. Government's Sentencing Memorandum at Pp. 8-9; Government's Exhibit 1 to Sentencing Memorandum, Pp. 1-10. The Government has not verified that the communications referenced in its memorandum and accompanying exhibit were, in fact, communications with minors. Without appropriate verification, it cannot be determined that Mr. Sapp was communicating with minors, and the Government misrepresents to the Court that it has made such verification.

### IV. PREVAILING LAW REQUIRES A STANDARD OF PROOF BEYOND A REASONABLE DOUBT FOR SPECIFIC OFFENSE CHARACTERISTICS AND UPWARD DEPARTURES

Prevailing law establishes that the Government must prove specific offense characteristics and upward departures beyond a reasonable doubt. Therefore, in order to apply the seven level increase under U.S.S.G. § 2G3.1(b)(1)(E), or even the five level increase under § 2G3.1(b)(1)(C) (Distribution to a minor) the Court must be convinced, beyond a reasonable doubt, that such an increase is appropriate. First of all, *U.S. v. Booker*, 125 S. Ct. 738, 756 (2005), left in place the precedent requiring proof beyond a reasonable doubt for

PDF created with pdfFactory trial version www.pdffactory.com

factors that increase the offense level. The reasonable doubt standard derives from the Fifth Amendment's Due Process Clause. *In re. Winship*, 397 U.S. 358, 363-64 (1970). It was a judicial fact finding and punishment at issue in *Winship*. Even absent the jury issue, the Supreme Court held that the Due Process Clause requires that the potential loss of liberty be preceded by a finding that the Government has borne its burden of proving guilt beyond a reasonable doubt. *In re. Winship*, 397 U.S. at 361-64.

   The principles underlying *Winship* have not changed. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court expressly referred back to the due process roots of the reasonable doubt requirement: "Since *Winship*, we have made clear beyond peradventure that *Winship's* due process and associated jury protections extend, to some degree, 'to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence.'" *Apprendi*, 530 U.S. at 484 (citation omitted). In *Ring v. Arizona*, 536 U.S. 584 (2002), the Court, in its most explicit pronouncement on the issue, made clear that any "increase in a defendant's authorized punishment contingent on the finding of a fact, that fact - no matter how the state labels it -

PDF created with pdfFactory trial version www.pdffactory.com

must be found by a jury beyond a reasonable doubt." *Ring*, 536 U.S. at 602.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court applied the jury trial and reasonable doubt holdings of *Apprendi* to state sentencing guidelines. Following the decisions of *Blakely* and *Booker*, courts have found "that facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by a preponderance of the evidence." *United States v. Siegelbaum*, 359 F.Supp.2d 1104, 1107 (D. Or. 2005); *see also United States v. Pemental*, 367 F.Supp.2d 143 (D. Mass. 2005); *United States v. Coleman*, 2005 WL 1226622, *6-7(S.D. Ohio 2005); *Unites States v. Kelley*, 355 F.Supp.2d 1031 (D. Neb 2005); *United States v. Carvajal*, 2005 WL 476125 (S.D.N.Y. 2005); *Unites States v. Gray*, 362 F.Supp.2d 714 (S.D.W.Va. 2005); *United States v. Harper*, 360 F.Supp.2d 833 (E.D. Tex. 2005); *United States v. Huerta-Rodriguez*, 355 F.Supp.2d 1019 (D. Neb. 2005); *United States v. Okai*, 2005 WL 2042301 (D. Neb. 2005).[4]  The greater

---

[4]

Prior to *Blakely* and *Booker*, the Ninth Circuit required a standard of proof of clear and convincing evidence when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction. *United States v. Munoz*, 233 F.3d 1117, 1126-27 (9th Cir. 2000) (requiring proof by clear and convincing evidence for

PDF created with pdfFactory trial version www.pdffactory.com

certainty of the reasonable doubt standard encourages confidence in the judicial system, and is a result that is compelled not only by law, but is also good sentencing policy.

## VI. CONCLUSION

In conclusion, Mr. Sapp submits that he is a strong candidate for a split sentence.  Such a sentence would allow him to seek a community based treatment plan not otherwise available under the federal system

Moreover, Mr. Sapp has an exemplary record following his arrest.  During the past ten months, he has consistently maintained stable employment in the electrical profession, and has fully complied with all requests made of him from the U.S. Probation Office.  Furthermore, his patience and nurturing of Daniel Sapp, Jaimey Sapp's 12 year old son, has contributed to Daniel's adjustment and remarkable improvement both socially and academically.  PSR at ¶¶ 61-66.  Following the decision in *Booker*, district courts now have the discretion to consider a multitude of factors, such as education and vocational skills, employment record, and family ties and responsibilities. *Unites States v. Menyweather*, 431 F.3d 692, 700 (9th Cir.

---

relevant conduct resulting in an offense level increase of more than four levels); *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1991).

PDF created with pdfFactory trial version www.pdffactory.com

2005).  Examination of such factors in Mr. Sapp's case plainly supports the position that his Total Offense Level be no more than 12, and his guideline range be 10-16 months, with half the sentence to be served under community or home confinement, so he may continue to provide nurturing for his son, Daniel, so he may continue to enhance the community through his work in the electrical profession, and so he may seek community based treatment that is not available in the federal system.

   Respectfully submitted at Anchorage, Alaska this 12th day of May, 2006.

                              LIBBEY LAW OFFICES, LLC
                              Co-Counsel for Defendant


                         By:  s/Daniel E. Libbey
                              Daniel E. Libbey (0012105)
                              604 West Second Avenue
                              Anchorage, Alaska 99501
                              (907) 258-1815
                              (907) 258-1822 Fax
                              email: dlibbey@alaska.net


This is to certify that the foregoing (including
accompanying proposed order) is being
delivered electronically to:

Audrey Renschen (counsel for the Government)
Kevin Fitzgerald (co-counsel for the Defendant)

On: 5/12/2006  By: s/Daniel E. Libbey


\\Dan\c_dan\Dan_Data\NonOPACrim\U.S. v. Jaimey Sapp\Pleadings\supp.sentence.memo.10may2006.wpd


Defendant's Supplemental Sentencing Memorandum
United States v. Sapp
Case No. 3:05-cr-0064-RRB
                    Page 10 of  10

PDF created with pdfFactory trial version www.pdffactory.com