Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 W. 3rd Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751 Fax
email: kevin@impc-law.com

Daniel E. Libbey, Esquire
ABA No. 0012105
Libbey Law Offices, LLC
604 West Second Avenue
Anchorage, Alaska 99501
(907) 258-1815
(907) 258-1822 Fax
email: dlibbey@alaska.net

Attorneys for Defendant
Jaimey K. Sapp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                    )<br>          Plaintiff, )<br>                    )<br>                    )<br>                    )<br>vs.                 )<br>                    )<br>JAIMEY KENT SAPP,    )<br>                    )<br>          Defendant. )<br>_____) | No. 3:05-cr-0064-RRB<br><br>**DEFENDANT JAIMEY SAPP'S<br>MOTION TO CORRECT<br>SENTENCE DUE TO<br>OVERLOOKED CONTROLLING<br>AUTHORITY**<br><br>*FILED ON SHORTENED TIME* |

**I. INTRODUCTION**

Defendant's Motion to Correct Sentence
United States v. Sapp
Case No. 3:05-cr-0064-RRB
Page 1 of  12

PDF created with pdfFactory trial version www.pdffactory.com

Defendant, Jaimey Kent Sapp, by and through counsel, pursuant to Federal Rule of Criminal Procedure 35, hereby files this motion to correct the sentence imposed by the Court on May 15, 2006. This motion is being filed on shortened time because the sentence must be corrected within seven (7) days pursuant to Federal rule 35(a).

The Court exceeded its authority when it imposed a sentence beyond the maximum it could impose. At the sentencing hearing, Mr. Sapp received a sentence of 40 months based on an offense level increase of at least four (4) levels above the offense level of 16 which was identified in the Presentence Report. Presentence Report at ¶¶ 34-48. The Court suggested additional briefing, but did not order it, with respect to the application of an upward departure. Such briefing would likely have prevented the Court and the parties from overlooking controlling authority on the issue.

In imposing sentence, the Court applied an upward departure under U.S.S.G § 5K2.0(a)(3).[1] As it stands,

---

[1]

The Government requested an upward departure based on two separate guideline provisions, U.S.S.G. §§ 5K2.0(a)(3) and 5K2.21. In granting a departure, however, the Court only used § 5K2.0(a)(3), and, therefore, only that provision is addressed in this motion. The Court lacked authority to grant a departure under the other provision, § 5K2.21, because the conduct that formed the basis for departure entered into the determination of the guideline range.

Defendant's Motion to Correct Sentence
United States v. Sapp
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

however, the Court, and the parties, overlooked controlling authority respecting the application of an upward departure. Specifically, the Court and the parties failed to address Application Notes 3(B)(i) and 3(B)(ii) of the Commentary to § 5K2.0, which commentary illustrates that an upward departure was not authorized in this case.  Therefore, Defendant requests that the Court reduce his sentence to a Total Offense Level of 16 (21 to 27 months) in compliance with controlling statutory and guideline authority.  Moreover, Defendant has filed a request for oral argument on shortened time, concurrently with this motion, so the parties may explain the overlooked authority, and further discuss the upward departure in proper context.

## II.  IT WAS OVERLOOKED BY THE COURT AND THE PARTIES THAT AN UPWARD DEPARTURE WAS NOT PERMITTED UNDER CONTROLLING LEGAL AUTHORITY

The upward departure applied by the Court in this case was not permitted pursuant to 18 U.S.C. § 3553(b)(2)(A), because, under the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission, a departure was not authorized.  Section 3553(b)(2)(A) states in relevant part as follows:

(A) Sentencing.–In sentencing a defendant convicted

Defendant's Motion to Correct Sentence
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

of an offense . . . under chapter 71[2] . . . **the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless**–
        (i) the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described.

\* \* \* \*

\* \* \* \*

In determining whether a circumstance was adequately taken into consideration, **the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission,** together with any amendments thereto by act of Congress.

(emphasis added). Thus, application of a guideline sentence is mandatory except in limited circumstances. Review of the applicable guidelines, policy statements, and official commentary demonstrates that the circumstances in Mr. Sapp's case were adequately taken into consideration, and, therefore, an upward departure was not authorized.

    **A. <u>THE APPLICABLE COMMENTARY OVERLOOKED BY THE COURT AND THE PARTIES DOES NOT PERMIT AN UPWARD DEPARTURE WHERE THE VERY CIRCUMSTANCES USED TO APPLY A SPECIFIC ADJUSTMENT ARE ALSO USED AS THE BASIS FOR UPWARD DEPARTURE</u>**

---

[2]

Mr. Sapp's offenses fall under chapter 71. He was convicted of two counts under 18 U.S.C. § 1470.

Defendant's Motion to Correct Sentence
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

The commentary applicable to U.S.S.G. § 5K2.0(a)(3)[3] does not permit an upward departure based on conduct, the very same of which, was used to apply a specific adjustment, and involving a single criminal episode or transaction. The Court granted an upward departure in this case pursuant to § 5K2.0(a)(3), based on Mr. Sapp's single criminal episode or transaction respecting chat correspondence with "hot_jackie." As explained in the Application Note 3(B)(i) of the commentary to § 5K2.0, an upward departure under subsection (a)(3) occurs very rarely, and only in exceptional circumstances. The commentary states as follows:

> (B) Departures Based on Circumstances Present to a Degree Not Adequately Taken into Consideration in Guidelines.–
>
> (i) In General.–Subsection (a)(3) authorizes the court to depart if there exists an aggravating or a mitigating circumstance in a case under 18 U.S.C. § 3553(b)(1), or an aggravating circumstance

---

[3]

Section 5K2.0(a)(3) states as follows:

> DEPARTURES BASED ON CIRCUMSTANCES PRESENT TO A DEGREE NOT ADEQUATELY TAKEN INTO CONSIDERATION.–A Departure may be warranted in an exceptional case, even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of, or substantially below, that which ordinarily is involved in that kind of offense.

Defendant's Motion to Correct Sentence
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

in a case under 18 U.S.C. § (b)(2)(A)(i), to a degree not adequately taken into consideration in the guidelines. *However, inasmuch as the Commission has continued to monitor and refine the guidelines since their inception to determine the most appropriate weight to be accorded the mitigating and aggravating circumstances specified in the guidelines, it is expected that departures based on the weight accorded to any such circumstance will occur rarely and only in exceptional cases.*

(emphasis added). As a result, any aggravating circumstances used to grant an upward departure in cases such as Mr. Sapp's case, must be done with extreme caution because the guidelines have been continually monitored and refined to reflect the appropriate weight accorded to such aggravators.

Moreover, the commentary continues with specific examples, which examples were not discussed by the parties, or the Court, at the sentencing hearing. These examples are as follows:

Examples.—As set forth in subsection (a)(3), if the applicable offense guideline and adjustments take into consideration a circumstance identified in this subpart, departure is warranted only if the circumstance is present to a degree substantially in excess of that which ordinarily is involved in the offense. Accordingly, a departure pursuant to § 5K2.7 for the disruption of a governmental function would have to be substantial to warrant departure from the guidelines when the applicable offense guideline is bribery or obstruction of justice. When the guideline covering the mailing of injurious articles is applicable, however, and the offense caused disruption of a governmental

PDF created with pdfFactory trial version www.pdffactory.com

function, departure from the applicable guideline range more readily would be appropriate. ***Similarly, physical injury would not warrant departure from the guidelines when the robbery offense guideline is applicable because the robbery guideline includes a specific adjustment based on the extent of any injury. However, because the robbery guideline does not deal with injury to more than one victim, departure may be warranted if several persons were injured.***

Application Note 3(B)(ii) of the commentary to § 5K2.0 (emphasis added). Therefore, as with the robbery example above, enticement of a minor does not warrant departure where the obscenity guideline applies, U.S.S.G. § 2G3.1, because the obscenity guideline includes a specific adjustment based on enticement.[4]

Additionally, as with the robbery guideline, a departure may be warranted if there were evidence of several instances

----

[4] Section 2G3.1(b)(1)(E) provides the specific adjustment for child enticement, which states as follows:

> Distribution to a minor that was intended to persuade, induce, entice coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels.

Based on evidence presented at the sentencing hearing respecting chat correspondence between Mr. Sapp and "hot_jackie", and a scheduled meeting on July 12, 2005, the Court found this specific adjustment to apply beyond a reasonable doubt.

Defendant's Motion to Correct Sentence
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

of enticement involving several victims.[5]  In Mr. Sapp's case,
however, there is no such evidence.  The Court relied on
enticement evidence involving a single victim, "hot_jackie",
and a single criminal episode respecting Mr. Sapp and
"hot_Jackie."  Without the associated chat correspondence
between "hot_jackie" and Mr. Sapp, there would be no basis for
the Court to find an intent to entice.  The attempted transfer
of obscene material, taken alone, without the accompanying
chat correspondence, does not provide sufficient basis to find
an intent to entice.

Moreover, the Court used evidence of this single criminal
episode, including chat correspondence and the fact that Mr.
Sapp showed up at a scheduled meeting with "hot_jackie", to
increase Mr. Sapp's sentence by seven (7) levels under
U.S.S.G. § 2G3/1(b)(2)(E), and then to depart upwardly under
§ 5K2.0(a)(3).  As explained in the commentary, a departure is
not warranted where the court uses a single criminal episode

---

[5]

The two offenses in the plea agreement, attempted transfer
of obscene material involving "hot_jackie", and transfer of
obscene material involving "qt_thang0909, are grouped
together because they involve substantially the same harm
pursuant to U.S.S.G. § 3D1.2(d).  Moreover, chat
correspondence between Mr. Sapp and "qt_thang0909" does not
support a finding of intent to entice, and the Court made no
mention that it relied on this correspondence in finding an
intent to entice.

Defendant's Motion to Correct Sentence
United States v. Sapp
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

to apply a specific offense adjustment, particularly where the evidence does not involve several victims, because the guidelines have accorded the proper weight to be attributed to the aggravator.

Furthermore, there was no basis for the Court to determine that Mr. Sapp's case falls outside of the heartland of obscenity cases where the seven (7) level increase applies, because there was no evidence defining the heartland of obscenity cases. The Court found the single criminal episode between Mr. Sapp and "hot_jackie" to apply as a specific offense characteristic under U.S.S.G. § 2G3.1(b)(1)(E), and, thus, there was no authority to impose a departure under § 5K2.0(a)(3).

   B. **PURSUANT TO NINTH CIRCUIT AUTHORITY, INTENT TO ENTICE CANNOT BE USED BOTH AS A SPECIFIC ADJUSTMENT AND A BASIS FOR UPWARD DEPARTURE**

Where intent to entice is used as a specific adjustment, it cannot form the basis for an upward departure. *United States v. Roston*, 986 F.2d 1287 (9th Cir. 1993). In *Roston*, the district court's decision to depart upwardly in a second degree murder sentencing was at issue. *Id.* at 1293. Under the guidelines, Roston faced a base offense level of 33 and a range of 135 to 168 months. The district court granted a 10

Defendant's Motion to Correct Sentence
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB

PDF created with pdfFactory trial version www.pdffactory.com

level upward departure, and sentenced Roston to life imprisonment. *Id*.

The district court's departure was based on a finding under U.S.S.G. § 5K2.1 that "the death was intended." *Id*. In finding the district court had no authority to depart, the Ninth Circuit held that this circumstance was properly considered under the base offense level, and, therefore, could not be used as the basis for a departure under 18 U.S.C. § 3553(b). On this point, the court stated as follows:

> Roston was convicted of second-degree murder. One of the elements of this crime is malice. See 18 U.S.C. § 1111(a). As we have previously stated, malice "embraces the state of mind with which one *intentionally* commits a wrongful act without legal justification or excuse." Boise, 916 F.2d at 500 (emphasis added). ***Thus, the circumstance of an intentional killing must have been taken into consideration by the Sentencing Commission in formulating the guideline range for second-degree murder. Accordingly, the fact that Roston intended to kill his wife, standing alone, could not be used to depart upward from the base offense level for second-degree murder. See 18 U.S.C. § 3553(b).***

*Roston*, 986 F.2d at 1293 (emphasis added). Likewise, the circumstance of enticement of a minor was considered in formulating the obscenity guideline, U.S.S.G. § 2G3.1(b)(1)(E), and, indeed, the Court applied this specific adjustment to increase Mr. Sapp's base offense level by seven (7) levels. Therefore, enticement of a minor, standing alone,

PDF created with pdfFactory trial version www.pdffactory.com

could not be used as a basis for an upward departure under 18 U.S.C. § 3553(b)(2)(A)(i).

## III. <u>CONCLUSION</u>

In conclusion, the court and the parties overlooked a key provision in the commentary when arguing the authority for an upward departure in this case. Had the issue been briefed before the sentence was imposed, this key provision would not have been overlooked, and the Court would likely have concluded that there was no authority to grant an upward departure. Moreover, the upward departure granted in this case runs contrary to Ninth Circuit authority pursuant to 18 U.S.C. § 3553(b)(2)(A)(i). Therefore, Mr. Sapp requests that his sentence be reduced under the guidelines to an offense level of 16, with a range of 21 to 27 months. Finally, a request for oral argument on shortened time is being filed concurrently with this motion, so the parties may have an opportunity to explain the overlooked legal authority respecting an upward departure.

Respectfully submitted at Anchorage, Alaska this 19th day of May, 2006.

LIBBEY LAW OFFICES, LLC
Co-Counsel for Defendant


By: <u>s/Daniel E. Libbey</u>
Daniel E. Libbey (0012105)

Defendant's Motion to Correct Sentence
<u>United States v. Sapp</u>
Case No. 3:05-cr-0064-RRB
Page 11 of 12

PDF created with pdfFactory trial version www.pdffactory.com

604 West Second Avenue
Anchorage, Alaska 99501
(907) 258-1815
(907) 258-1822 Fax
email: dlibbey@alaska.net

This is to certify that the foregoing (including
accompanying proposed order) is being
delivered electronically to:

Audrey Renschen (counsel for the Government)
Kevin Fitzgerald (co-counsel for the Defendant)

On: 5/19/2006  By: s/Daniel E. Libbey

Defendant's Motion to Correct Sentence
United States v. Sapp
Case No. 3:05-cr-0064-RRB
                         Page 12 of  12

PDF created with pdfFactory trial version www.pdffactory.com