DEBORAH M. SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-0064-cr-RRB |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION |
| | ) | TO DEFENDANT'S MOTIONS |
| vs. | ) | (1) TO CORRECT SENTENCE, |
| | ) | AND (2) FOR ORAL ARGUMENT |
| JAIMEY KENT SAPP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | FILED ON SHORTENED TIME |

The United States of America, by and through counsel, opposes defendant's Motion to Correct Sentence. Sapp asks for relief under Fed. R. Crim P. 35(a) that is beyond the authority of this court. The motion should be denied.

**There Is No Authority for this Court to Reconsider a Disputed Sentence.**

The district court's authority to correct or reduce a sentence is governed by Fed. R. Crim. P. 35(a) which states:

> Within seven days after sentencing, the court may correct a
> sentence that resulted from arithmetical, technical, or other clear

error.

Fed. R. Crim P. 35 was amended in 2002 to make stylistic changes. Fed. R. Crim P. 35 advisory committee notes. As part of the general restyling, former Fed. R. Crim P. 35(c) was renumbered, and became Fed. R. Crim P. 35(a). Id. No change in practice [like Sapp's request] was intended. Id.

**Fed. R. Crim P. 35(a) Recognizes the Finality of Sentencing, and Only Allows for "Correcting Clear Error."**

The advisory committee notes to the 1991 amendment explained the narrow purpose of what is now subsection (a) of Fed. R. Crim P. 35. It is to allow corrections of obvious errors, and not to reconsider legal challenges. Id. As noted in the advisory committee notes set forth below, the district court's authority to correct a sentence under this rule is extremely limited:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence ... The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

Id.

An unbroken line of cases make clear that the rule stands for exactly what it states - - the court has no authority to reconsider a sentence.  See e.g., United States v. Portin, 20 F.3d 1028 (9th Cir. 1994); United States v. Aguirre, 214 F.3d 1122, 1125 (9th Cir. 2000); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999).

**There Is No Legal Method Available under Fed. R. Crim P.  35(a) to Reduce Sapp's Sentence.**

Here, there are no arithmetical or technical errors in Sapp's sentence or judgment.  Nor is there any other kind of error that is "clear".  To the contrary, Sapp is crafting slightly different legal arguments to ask the court to do exactly what Fed. R. Crim P.  35(a) does *not* authorize: to  reconsider the Sentencing Guidelines, and to reopen sentencing issues already resolved to his detriment.

At sentencing, the court found that Sapp's enticement conduct was of a degree and kind significantly different from his conduct of transferring obscene material, and that his punishment should be proportionately more serious.  That conclusion was drawn from application of the advisory Sentencing Guidelines, and the careful consideration of the factors in 18 U.S.C. 3553(a).

Now, Sapp is simply asking for another opportunity to shorten his sentence.  Such a sentence reduction request is not only impermissible under Fed. R. Crim P.

35(a), it is not within the authority of this court.

Because the law on this point is so clear, there is no reason for further legal argument.

The government respectfully requests that this court deny Sapp's motion to reduce his sentence, and deny his motion for oral argument.

RESPECTFULLY SUBMITTED THIS 19th day of May, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19th, 2006
a copy of the foregoing was served
electronically on Kevin Fitzgerald
& Dan Libby,

s/ Audrey Renschen